IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARTHUR CLEMMER | : | |
| v. | : | CIVIL ACTION NO. AW-08-3109 |
| UNITED STATES OF AMERICAN | : | |

**********

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Action No. AW-05-277 |
| v. | : | |
| ARTHUR CLEMMER | : | |

*********

## MEMORANDUM

Before the Court is a pro se Petition for Writ of Habeas Corpus filed by Arthur Clemmer pursuant to 28 U.S.C. § 2241. Paper No. 1, Civil Action No. AW-08-3109.  Also pending is a Motion to Compel Discovery filed by Clemmer in Criminal Action No. AW-05-277.  Paper No. 27.  In both cases, Petitioner seeks the appointment of counsel to assist him in finding documents and evidence related to his closed criminal proceedings.[1]

Although Petitioner attempts to cast this application as being filed under 28 U.S.C. § 2241, the gravamen of his "Petition" is manifested by his desire to further investigate his criminal proceedings.  A § 2241 petition attacks the manner in which a sentence is executed.  *See* 28 U.S.C. §2241(a).  Nothing in the petition suggests that Petitioner claims that his sentence is being improperly executed. Rather, it appears that Petitioner seeks to uncover evidence which

---

[1] The above-referenced criminal action was closed on December 9, 2005.  Clemmer does not have a 28 U.S.C. §2255 motion pending in this Court.

would assist him in calling into question the validity of his underlying criminal proceedings. Accordingly, the Petition shall be dismissed without prejudice.

To the extent the Petition and Motion can be construed as requesting the appointment of counsel, the requests shall be denied. There is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus "that the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). With the dismissal of the instant Petition, there are no proceedings pending before this Court, and thus no immediate need for counsel. The request will be denied without prejudice.

To the extent that Clemmer is requesting transcripts from the court pursuant to 28 U.S.C. § 753 (f), filing a post-conviction motion to vacate, set aside or correct sentence is a precondition to an indigent petitioner requesting transcripts at court expense.[2] *See United States v. MacCollom*, 426 U.S. 317, 321-22 (1976), *United States v. Horvath*, 157 F.3d 131, 132 (2nd Cir. 1998). Further, Clemmer is not entitled to obtain documents at government expense absent a showing of a particularized need. *See United States. v. Shoaf*, 341 F.2d 832, 833-834 (4th Cir. 1964) (ruling there is no entitlement to free transcript merely for examination to determine whether to engage in litigation or to "comb the record in the hope of discovering some flaw"); *Bozeman v. U. S.*, 354 F. Supp. 1262 (E.D. Va. 1973) (holding federal prisoner must state claim

---

[2]   28 U.S.C.§753(f) provides:
Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge...certifies that the suit...(1) is not frivolous and (2) that the transcript is needed to decide the issue presented by the suit or appeal.

of constitutional dimension which is neither frivolous on its face nor rendered moot under the law by other applicable doctrines, and must specify with clarity those portions of the proceedings questioned to permit an initial determination of relevance to be made by district court). Upon review of the motion, it is clear that Mr. Clemmer does not demonstrate a particularized need for obtaining the requested documents at the government's expense.

Clemmer's Motion for Discovery of documents under Fed.R.Crim P. 16 shall be denied, as Petitioner's criminal proceedings have been concluded.

If Mr. Clemmer intends to file a motion for collateral relief, he is reminded that **there is a one-year filing deadline for filing 28 U.S.C. §2255 motions in federal court.** [3]   The Court will direct the Clerk to mail him a 28 U.S.C. §2255 forms and instructions packet.

A separate Order follows.


December 18, 2008                                                /s/
                                                        Alexander Williams, Jr.
                                                        United States District Judge

---

[3] 28 U.S.C. §2255 provides that:
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.